IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04cr21 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| OLUWASEUN DAVID OLUYOLE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review[1] of filing no. 34, the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("§ 2255 motion") filed by the defendant, Oluwaseun David Oluyole.  Also before the court is filing no. 35, the defendant's Motion for Leave to Proceed In Forma Pauperis ("IFP"), accompanied by a trust account certificate from the Hardin County Correctional Center in which the defendant is presently incarcerated (filing no. 35 at 2).

As a preliminary matter, I note that the defendant's motion for leave to proceed IFP may be unnecessary, as there is no filing fee to initiate proceedings under 28 U.S.C.

---

[1]See Rule 4, entitled "Preliminary Review," of the Rules Governing Section 2255 Proceedings for the United States District Courts:

(a) Referral to a Judge. The clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged. If the appropriate judge is not available, the clerk must forward the motion to a judge under the court's assignment procedure.

(b) Initial Consideration by the Judge. The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

1

§ 2255.  Nevertheless, as filing no. 35 reflects that the defendant qualifies for IFP status, I will grant filing no. 35.

The defendant entered a plea of guilty to Count I of an Indictment charging a violation of 18 U.S.C. § 1015(e), misrepresentation of U.S. citizenship.  The defendant received a sentence of two years probation, with special conditions of supervision.  He did not appeal his conviction or sentence.

In his § 2255 motion, the defendant alleges the following claims: (1) his guilty plea was not made voluntarily and with understanding of the nature and consequences of the charge; (2) the prosecutor failed to disclose favorable evidence to the defense; (3) the defendant received ineffective assistance of counsel; and (4) the defendant was not "provided" with the essential elements of the charge against him such as "intent."  In particular, the defendant takes issue with the language of his guilty plea, i.e., that he claimed to be a "U.S. citizen," whereas, the evidence showed that he claimed to be a U.S. citizen *or national*."  I will order the United States to answer the defendant's claims.

THEREFORE, IT IS ORDERED:

1.      That filing no. 35, the defendant's Motion for Leave to Proceed In Forma Pauperis, is granted;

2.      That upon initial review, the court finds and concludes that summary dismissal of the defendant's § 2255 motion is not appropriate;

3.      That by August 30, 2005, the United States shall answer or otherwise respond to the defendant's § 2255 motion, and the United States shall file an

2

accompanying brief; and

4.     That by September 30, 2005, the defendant may file a reply brief.

DATED this 28th day of July, 2005.

BY THE COURT:


s/ Joseph F. Bataillon_____
JOSEPH F. BATAILLON
Chief District Judge