IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:04CR21 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| OLUWASEUN DAVID OLUYOLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter is before the court on defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 motion) (Filing No. 34), motion for summary judgment (Filing No. 38), motion to amend § 2255 motion (Filing No. 41), motion to expedite § 2255 motion (Filing No. 46), motion to amend defendant's brief (Filing No. 47), motion to have procedural default excused (Filing No. 50), and motion for action regarding § 2255 (Filing No. 52).

**FACTUAL BACKGROUND**

The defendant entered a plea of guilty to Count I of the Indictment charging him with a violation of 18 U.S.C. § 1015 (e), misrepresentation of United States citizenship with the intent to unlawfully engage in employment. The defendant received a sentence of two years probation, with special conditions of supervision. He did not appeal his conviction or sentence.

At the plea hearing the court confirmed that English was the defendant's second language and asked if the defendant had difficulty reading or writing English. The defendant stated he did not and that he understood the documents that he reviewed with

his attorney to get ready for the hearing. The court went on to inform the defendant that "If there was a trial the government would have to prove that you falsely stated or claimed that you are or have been a citizen of the United States, or a national of the United States, and that you did this with the intent to obtain or engage in employment here in the United States." The court confirmed that the defendant understood that this is what the government would have to prove, and defendant confirmed that he did. Next, the court discussed defendant's petition for his plea agreement and asked if he understood all of the information in the document and confirmed that the information provided was truthful. Defendant confirmed that he understood the information and that it was in fact truthful. Finally, the court confirmed the evidence against defendant and asked the defendant if it was true that he filled out the I-9 and checked that he was a U.S. citizen when he in fact knew he was not supposed to. The defendant confirmed that this was true. (Filing No. 40).

In his § 2255 motion the defendant alleges the following claims: (1) his guilty plea was not made voluntarily and with understanding of the nature and consequences of the charge; (2) the prosecutor failed to disclose favorable evidence to the defense; (3) the defendant received ineffective assistance of counsel; and (4) the defendant was not provided with the essential elements of the charge against him such as intent.

Defendant filed a motion to amend his § 2255 motion requesting to include two additional issues: (5) that the Indictment was insufficient and did not set forth in factual terms all elements of the crime; and (6) that defendant is subject to double jeopardy because the indictment was overly broad. The government's answer and supporting brief was submitted after defendant filed his motion to amend and addressed these additional

issues in its materials. Therefore, the court will grant defendant's motion to amend (Filing No. 41) and review all 6 issues submitted.

## DISCUSSION

**Claim One - Guilty Plea**

Defendant claims that his guilty plea was not made voluntarily and with understanding of the nature and consequences of the charge. The record does not support defendant's allegations. During the plea hearing the court went over in detail what the government would need to prove if defendant choose to continue to trial. The court confirmed that the plaintiff understood the government's burden and the defendant acknowledged that he did indeed understand. Furthermore, defendant stated in his signed petition to enter a plea of guilty that he was voluntarily entering a plea of guilty to providing false information that he was a citizen of the United States in order to obtain employment. In the petition, defendant stated that he understood the maximum sentence he faced and that he was aware that if he plead guilty he would be foregoing the right to a trial. (Filing No. 27).

Based on the foregoing, the court concludes that defendant entered into his plea of guilty voluntarily and defendant's motion is denied with respect to this issue.

**Claim Two - Prosecutorial Misconduct**

Next, defendant claims that the prosecutor failed to disclose favorable evidence to defendant. Specifically, defendant claims that the prosecutor did not provide plaintiff with a second I-9 form that plaintiff provided Nebraska Furniture Mart. Defendant contends

that the new form would show that he did not attempt to misdirect anyone with his first I-9 form.

Defendant's counsel filed an affidavit with the court stating that the government provided defendant and counsel with a copy of the second I-9 form in the course of discovery and that it was available to defendant at each meeting. Therefore, defendant's motion is denied on this claim.

**Claim Three - Ineffective Assistance of Counsel**

Defendant claims he received ineffective assistance of counsel alleging that his counsel pressured him into pleading guilty and arguing that his counsel never advised him of the necessary elements that warranted conviction.

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington,* 466 U.S. 668 (1984). Under this framework, defendant has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by a showing that his attorney's performance fell "below the minimum standards of professional competence" and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States,* 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland,* 466 U.S. at 690). Moreover, defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689.

In defendant's petition to enter a guilty plea and at the plea hearing, however, he stated that he was satisfied with his counsel's performance and understood the charges against him. (Filing Nos. 27, 40). At the plea hearing defendant was told in detail the elements of the charge against him. Furthermore, defense counsel, Beau Finley, filed an affidavit stating that he met with defendant four times to discuss his case and discussed the potential benefits and detriments of pleading guilty versus going to trial. Finley stated that at these meetings the defendant indicated that he included the false information on the I-9 form due to his desire to gain employment and that he knew he was not a citizen or national of the United States. And in fact, defendant acknowledged during the plea hearing that he knew he was not a citizen but checked the box anyway. Defense counsel also stated that he encouraged defendant to consider his options before deciding whether to plead guilty and that defendant considered whether to plead guilty or go to trial for eighteen days before making a decision. (Filing No. 43).

Furthermore, defendant cannot establish that he was prejudiced by his counsel's performance.

Based on this record, the defendant has not established ineffective assistance of counsel and defendant's motion is denied on these claims.

**Claims Four, Five and Six - Challenging the Indictment**

In his final claims, defendant argues that the Indictment against him was too general and did not set forth the specific elements of the charge. Further, defendant contends that because the Indictment was too general defendant will be subject to double jeopardy. Defendant also argues that he was not provided with the essential elements of the charge against him, specifically the intent element.

5

Defendant was charged with violating 18 U.S.C. § 1015(e) which states in relevant part that:

> [w]hoever knowingly makes any false statement or claim that he is, or at any time has been, a citizen or national of the United States. . . with the intent to engage in employment unlawfully in the United States . . . Shall be fined under this title or imprisoned not more than five years

The Indictment charged that defendant "did knowingly make a false statement and claimed that he was a citizen or national of the United States, with the intent to engage unlawfully in employment in the United States." There is nothing ambiguous about the language in the Indictment, it is directly reflective of the statute with which defendant was charged. Furthermore, the language will not allow defendant to be charged and convicted with the same crime twice.

Moreover, as discussed above in response to defendant's other claims, at the plea hearing the court informed defendant in detail with what the government would need to prove, and at this hearing defendant admitted that he knew he was not a citizen or national at the time he filled out the I-9 form that included the misrepresentation. Therefore, defendant's motion is denied on these claims.

IT IS ORDERED:

1. Defendant's motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 34) is denied;

2. Defendant's motion for summary judgment (Filing No. 38) is denied;

3. Defendant's motion to amend his § 2255 motion (Filing No. 41) is granted;

4. Defendant's motion to expedite (Filing No. 46) is denied as moot;

5. Defendant's motion to amend brief (Filing No. 47) is denied as moot;

6.      Defendant's motion to have procedural default excused (Filing No. 50) is denied as moot;

7.      Defendant's motion for action regarding the § 2255 motion (Filing No. 52) is granted;

8.      A separate Judgment will be issued; and

9.      The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

DATED this 7th day of March, 2006.

BY THE COURT:


s/Joseph F. Bataillon
JOSEPH F. BATAILLON
UNITED STATES DISTRICT JUDGE